UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARY LOU HARLEY                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO.3:13CV311-GHD-DAS

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

FINAL JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the final decision of the Social Security Administration should be reversed and this case remanded to the agency for further consideration for the following reasons, to-wit:

The plaintiff has raised three interrelated issues: the Administration's failure to include Dr. Small's report in the administrative record; the decision of the Appeals Counsel to deny remand, based on its holding that the Small's IQ testing was only relevant to the time period after the ALJ's decision; and failure of ALJ to develop the record. The court finds for the plaintiff on all three of these issues. All three issues relate to whether the plaintiff should have been found disabled at Step Three, under 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05 based on mental retardation.

First, the defendant should always include all evidence received within the administrative record. Its decisions are subject to appellate review, and its determination that a document is not relevant cannot be reviewed by the courts without examining the rejected document. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that "evidence submitted for the first time to the Appeals Council is part of the record on appeal"). In the present case as in *Higginbotham*, the Appeals Council noted that they considered the new evidence and found it did not warrant reversal. But just as a trial court must receive an exhibit for identification purposes, when it refuses its admission into evidence, this defendant must retain all tendered, but rejected proof, as an exhibit. Failure to do so may create authentication problems, and cause needless expense, delays for the parties and the court and may sometimes trigger remands not otherwise warranted.

The court also finds the Appeals Council erred when it did not remand the case for reconsideration of the new evidence it received from the plaintiff. There were no IQ scores in the record at the time the ALJ rendered her decision. There was a consultative mental evaluation by Dr. Joe Ed Morris who estimated that the plaintiff's intelligence would fall within the mild mentally retarded range, though he opined that her adaptive behavior precluded making that diagnosis.

After the ALJ's decision, Dr. Charles Small tested the plaintiff and found she had a Full Scale IQ of 59. Both Dr. Small's report and the plaintiff's school records were submitted to the Appeals Council. The school records showed the plaintiff repeatedly failed grades; was socially promoted more than once to higher grades; and attended special education classes.

The Appeals Council determined that Dr. Small's testing was not relevant to the time covered by the ALJ's decision. The court disagrees. While Dr. Small referenced the fact that

the plaintiff suffered two CVA's, one of which occurred after the ALJ's decision, there is no evidence about the severity of the second CVA, and as the plaintiff points out, her school records show she had a developmental IQ of 68 at age eleven. It is far from clear that these IQ tests are relevant only to a time after the decision. The court rejects the defendant's argument that the report from Dr. Morris supports the decision and renders the error harmless. Because Dr. Morris did not have the benefit of school records or Dr. Small's report, his estimation of the plaintiff's intelligence and statement about her adaptive behavior does not rise to the level of substantial evidence. Therefore, the Appeals Council erred when it did not remand the case to the ALJ for reconsideration of this new evidence.

The court further finds that the ALJ failed to develop the record adequately. Given Dr. Morris' estimation of the plaintiff's limited intellectual ability, the ALJ should have obtained proof regarding her IQ, either through consultative testing or by obtaining her school records.

The plaintiff's final argument is that the ALJ's RFC determination was not supported by substantial evidence. The RFC is largely consistent with the plaintiff's testimony, and there is no medical evidence to support any limitation on her capacity to sit. The court, therefore, finds that the determination of the plaintiff's physical RFC is supported by substantial evidence. On remand the ALJ shall revisit, if necessary, the plaintiff's mental RFC in light of Dr. Small's report, the school records and further evidence, if any, developed after remand.

SO ORDERED AND ADJUDGED this the 14th day of October, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE