IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARY LOU HARLEY                                                                                    PLAINTIFF

V.                                                                                          NO. 3:13cv311-DAS

CAROLYN W. COLVIN
Acting Commissioner of SSA                                                                        DEFENDANT

ORDER ON PETITION FOR ATTORNEY'S FEES

The court has before it the plaintiff's petition for attorney's fees filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings the plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. The plaintiff raised three interrelated issues and prevailed on all three. The court remanded the case for further proceedings. The plaintiff now seeks attorney's fees under the EAJA, arguing that she prevailed and the Commissioner's position was not substantially justified.

This petition raises multiple issues for the court's consideration. The Social Security Administration (SSA) objects to the number of hours claimed for work on the reply brief. It also urges this court to reject the plaintiff's use of the National Consumer Price Index for calculating the cost-of-living increase in the maximum hourly rate for attorneys fees. It argues the South Urban Regional Index is the appropriate source for making calculations. The defendant challenges the use of a monthly index figure for calculating fees, where the annual average figure is available. Finally, the plaintiff claims the fees should be paid directly to counsel pursuant to an assignment and claims additional fees for litigating the fee request.

## REASONABLENESS OF HOURS SPENT

Plaintiff's counsel's itemization of time spent includes 14.7 hours for reviewing the government's brief, research, and preparation of the reply brief. The defendant objects to this time as excessive, urging the court to award fees for approximately half of the time allegedly expended. The Commissioner argues that the reply brief repeats arguments initially found in the original brief and that based upon the experience and expertise of plaintiff's counsel in this field, the time spent is excessive.

The court agrees that more time was expended than should have been necessary, but attributes the excess time to way in which the Commissioner handled the evidence before the Appeals Council. The ALJ found the plaintiff was *not* disabled based upon an IQ estimate and an opinion – based on a solitary examination – that the plaintiff could not be deemed mentally retarded because she did not show deficits in adaptive functioning. The ALJ failed to pursue IQ testing and did not obtain the plaintiff's school records. Current counsel, entering the case after the hearing, provided the Appeals Council with an evaluation of the plaintiff by Dr. Charles Small, which shows she has a full scale IQ of 59 and school records showing adaptive function deficits. The Appeals Council deemed this evidence immaterial and denied remand. The Commissioner then failed to include these records in its administrative record and argued both that the record was complete and that this court could not consider this compelling, case-determinative evidence. The court finds this position contrary to the Fifth Circuit's decision in *Higginbotham v. Barnhart,* 405 F.3d 332 (5th Cir. 2005). The Commissioner also argued that an IQ test administered shortly after the ALJ's decision did not relate to the time of the decision. The plaintiff's school records rebut that argument. Having devoted twenty-one pages and substantial time to its response, the plaintiff was obliged to reply. Consequently, the court

rejects the Commissioner's challenge to the time spent on the plaintiff's reply brief. The court finds that the time claimed by counsel is reasonable and that fees are due for all time expended.

CALCULATING MAXIMUM HOURLY RATES

The EAJA provides for the award of reasonable attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States is "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Without dispute this plaintiff, whose case has been remanded, is the prevailing party under EAJA. *Rice v. Astrue*, 609 F.3d 831, 833-834 (5th Cir. 2010). In awarding fees under this statute, the court is mindful that EAJA is designed not only to assure adequate representation for those in need of it, but to minimize the cost of that representation to the taxpayers. *See Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995). The statute as amended in 1996 set a ceiling for hourly attorneys fees at $ 125.00 per hour, "unless the court determines that an increase in the cost of living ... justifies a higher fee." 42 U.S.C. § 2412 (d)(2)(A). The statute itself does not specify the manner for calculating the cost of living, but as the plaintiff notes, this court has routinely awarded attorney's fees calculated using the National Consumer Price Index, all without any objection from the commissioner. The objection lodged in this case is one of many recent challenges by SSA to this past practice. It has urged the court to apply the less generous South Urban Index (Regional CPI) when it makes fee calculations. All of Mississippi is covered by and included in this index. This court has recently decided this issue, rejecting the argument made by plaintiff here, and has determined that the regional CPI should be employed in calculating the cost of living for the purpose of adjusting the maximum hourly fee. *Fowler v. Colvin*, 2014 WL 7187086 (N.D. Miss. Dec. 17, 2014). The South Urban Regional Consumer Price Index shall be used in computing attorney's fees.

The Commissioner also challenges the plaintiff's calculation of attorneys fees for 2013. Each of the consumer price indexes contains fifteen numbers per year: twelve monthly figures, two semi-annual figures, and an annual average figure. As would be expected, there are always delays in publishing these figures because of the time involved in collecting, compiling, and analyzing data to determine fluctuations in the cost of living.

Plaintiff's counsel has calculated his fees for one and one-half hours of legal services performed in December 2013, using the December monthly number. The defendant argues that the calculation should have been made by using the 2013 average annual cost-of-living figure, citing *Perales v.Casillas*, 950 F.2d 1066, 1074-77(5th Cir. 1992). Though *Perales* is not directly on point,[1] the logic of *Perales* is consistent with determining fees on an annual basis. The court is also mindful that the added complexity of calculating fees any other way would not benefit the parties in need of representation, their counsel, or the taxpayers. Given that the 2013 annual numbers are available, that number will be used in making the calculation of attorney's fees.

## CALCULATION OF FEE AWARD

Having agreed with the SSA's method for calculating maximum hourly attorney's fees, the court finds that the applicable rates for work performed in 2013 and 2014 are $185.96 and $188.90 respectively.[2] In addition to the time listed in the original complaint, the plaintiff seeks compensation for four hours for litigating the fee request. Both on the merits of the reasonableness of time expended and because the issue of the applicable index was not decided

---

1  In *Perales* legal services were performed over a three year period, and the issue presented to that court was whether cost-of-living adjustments would be calculated based on the price index at the time of the award, or whether the fees would be adjusted according to the cost-of-living index for the year in which services were performed. The Fifth Circuit decided fees should be adjusted according to the year performed, not as of the date of the award of fees.

2  Because the year end 2014 figures are not presently available, the calculation is done using the semi-annual average figure for the first half of 2014.

at the time of the application and reply, the court finds that this request for additional time is reasonable. Therefore attorneys fees are awarded as follows:

| | | |
|---|---|---:|
| 2013 | 1.5 hours at $ 185.96 | $ 278.94 |
| 2014 | 44 hours at $ 188.90 | <u>$ 8,311.60</u> |
| | Total Fee Award | $ 8,590.54 |

The court finds that the assignment of the fees directly to plaintiff's counsel does not comply with the requirements of 31 U.S.C. § 3727. While the defendant must make the fee award payable to the plaintiff, it is appropriate that the funds be sent to the plaintiff in care of her counsel.

THEREFORE, IT IS ORDERED:

1. That Plaintiff's petition for attorney's fees is granted in part and denied in part.

2. That Plaintiff is hereby awarded a total of $8,590.54 for work performed in prosecuting the appeal and defending the fee petition.

3. That the Commissioner shall promptly pay the Plaintiff $8,590.54, for the benefit of her counsel, to be mailed to the plaintiff in care of her counsel.

SO ORDERED this the 18th day of February, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE